United States District Court
Southern District of Texas
**ENTERED**
November 30, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE ANGEL ACOSTA III, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-149 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice-Criminal Institutions Division (TDCJ-CID), currently incarcerated at the Clements Unit in Amarillo, Texas. Proceeding *pro se*, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 on May 3, 2016. (D.E. 1, Page 15).[1] The subject of the petition is a 2012 Nueces County conviction for aggravated assault with a deadly weapon. (D.E. 1, Page 1).

On October 14, 2016, Respondent filed a Motion for Summary Judgment. (D.E. 24). On October 31, 2016, Petitioner filed a Response. (D.E. 25). As discussed below, it is respectfully recommended Respondent's Motion for Summary Judgment be **GRANTED**, Petitioner's request for a stay be **DENIED**, and Petitioner's application for writ of habeas corpus be **DISMISSED without prejudice**. It is further recommended a Certificate of Appealability be **DENIED**.

---

[1] The petition was signed on May 3, 2016, and filed on May 9, 2016. (D.E. 1, Page 1); *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) (A *pro se* prisoner's "habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing.")

## I.     JURISDICTION

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331. A habeas action may be filed either in the district where the petitioner is in custody or in the district in which the petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000). Petitioner was convicted by a court located in Nueces County, Texas which is located within the Southern District of Texas. (D.E. 1). Therefore, this matter is properly before this Court. 28 U.S.C. § 124(b)(6).

## II.    BACKGROUND

On January 18, 2012, Petitioner was sharing an apartment with Teresa Moreno and her daughter, Ashley Barrera. (D.E. 23-4, Page 2). That night, Petitioner and Moreno were arguing and Barrera called her boyfriend Dee to come get her. (D.E. 23-4, Page 2). When Dee arrived, Moreno indicated she wanted to leave as well and got into Dee's vehicle. (D.E. 23-4, Page 2). At this point, Petitioner exited the house and proceeded to punch and kick the passenger door of Dee's vehicle. (D.E. 23-4, Page 2). Petitioner then walked around the front of the truck to the driver side and punched the driver side window which was open about six inches. (D.E. 23-4, Page 2). Petitioner punched the window four or five times and then stuck his arm through the opening. (D.E. 23-4, Page 2). When Dee finally got the vehicle moving, Barrera told him that he was bleeding and noticed the area under his eye was the source. (D.E. 23-4, Pages 2-3). Dee drove to the end of the street and called the police. (D.E. 23-4, Page 3). The cut on his face required stitches to repair the wound and it left a visible scar across his nose. (D.E. 23-4, Page 3). Dee received a letter from Petitioner where Petitioner apologized and claimed he

"blacked out" during the attack. (D.E. 23-4, Page 3). The letter also urged Dee to drop the charges or to ask for the minimum punishment available. (D.E. 23-4, Page 3).

On March 5, 2013, a jury found Petitioner guilty of aggravated assault. (D.E. 23-11, Page 71). Also on March 5, 2013, the jury found beyond a reasonable doubt that Petitioner used or exhibited a deadly weapon, a knife, during the commission of the offense and Petitioner was a habitual felony offender. (D.E. 23-11, Page 76). The jury sentenced Petitioner to sixty years imprisonment in the TDCJ-CID. (D.E. 23-11, Page 76). On March 27, 2013, Petitioner filed a Motion for New Trial. (D.E. 23-1, Page 129). Petitioner filed his appeal in the Court of Appeals for the Thirteenth District of Texas on July 31, 2013. (D.E. 23-2). On September 4, 2014, the Court of Appeals affirmed the judgment of the trial court. (D.E. 23-4, Page 16). On December 11, 2014, Petitioner filed a Petition for Discretionary Review with the Texas Court of Criminal Appeals. (D.E. 23-7). On February 4, 2015, the Texas Court of Criminal Appeals refused the petition for discretionary review. (D.E. 23-9).

Petitioner then filed two applications for a state writ of habeas corpus on September 4, 2015 and on February 11, 2016. (D.E. 23-11, Pages 5-37 and D.E. 23-14, Pages 5-76). The first, cause no. WR-84.206-02, was dismissed under Texas Rule of Appellate Procedure 73 as non-compliant on December 9, 2015. (D.E. 23-11, Page 53 and D.E. 23-12). The second, cause no. WR-84.206-05, was dismissed under Texas Rule of Appellate Procedure 73 as non-compliant on May 4, 2016. (D.E. 23-15, Page 26 and D.E. 23-16).  The records of the state habeas court do not explain the nature of the non-

compliance for either state habeas petition.   (D.E. 23-12 and D.E. 23-16).  On May 3,

2016, Petitioner filed the pending federal action pursuant to 28 U.S.C. § 2254. (D.E. 1).

## III.   APPLICABLE LAW

### A.   Summary Judgment

In deciding a motion for summary judgment, the district court must determine

whether the pleadings, discovery materials, and summary judgment evidence show there

is no genuine issue as to any material fact and the moving party is entitled to judgment as

a matter of law. Fed. R. Civ. P. 56. Once the movant presents a properly supported

motion for summary judgment, the burden shifts to the nonmovant to show with

"significant probative evidence" the existence of a genuine issue of material fact.

*Hamilton v. Segue Software, Inc.,* 232 F.3d 473, 477 (5th Cir. 2000).

Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment,

applies with equal force to federal habeas corpus cases. *Clark v. Johnson*, 202 F.3d 760,

764 (5th Cir. 2000) (citations omitted); *see also* Fed. R. Civ. P. 81(a)(4) ("These rules

apply to proceedings for habeas corpus . . ."). While summary judgment rules apply with

equal force in a § 2254 proceeding, the rules only apply to the extent they do not conflict

with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1),

which mandates a state court's findings are to be presumed correct, overrides the

summary judgment rule that all disputed facts must be construed in the light most

favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption

of correctness of a state court's factual findings by clear and convincing evidence, such

findings must be accepted as correct by the federal habeas court.  *See Smith v. Cockrell,*

311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke,* 542
U.S. 274 (2004).

> **B.      Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") 28
> U.S.C. § 2254**

Federal habeas relief is available to a state prisoner only if he is being held in
violation of the Constitution, laws, or treaties of the United States. *Boyd v. Scott*, 45 F.3d
876, 881 (5th Cir. 1994) (per curiam) (citation omitted). Under AEDPA, a state prisoner
may not obtain relief with respect to any claim adjudicated on the merits in state court
proceedings unless the adjudication of the claim:

> (a) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the
> Supreme Court of the United States; or

> (b) resulted in a decision that was based on an unreasonable determination
> of the facts in light of the evidence presented in the state court
> proceeding.

28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the
state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on
a question of law or if the state court decides a case differently than the Court on a set of
materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000).
"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if
the state court identifies the correct governing legal principle from the Court's decisions
but unreasonably applies the principle to the facts of the prisoner's case." *Id*. at 413. The
Court noted "unreasonable" is an objective standard and emphasized there is a critical

difference between an unreasonable application of federal law and a merely "incorrect" or "erroneous" application of federal law. *Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001) (citing *Williams*, 529 U.S. at 412-13).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Under § 2254(d), a habeas court must determine what theories or arguments supported, or could have supported, the state court's decision. *Id*. at 102. Then it must ask whether it is possible that fair minded jurists could disagree that the arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. *Id*. "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings . . . It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther.

*Id*. "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement." *Id*. at 103.  In addition, if a decision by a state court is silent as to the reasons for the refusal, a federal habeas court can "look through" the decision and

evaluate the last reasoned state court decision. *Bledsue v. Johnson*, 188 F.3d 250, 256 (5th Cir. 1999).

A state court's factual findings are presumed to be correct and a petitioner has the burden of rebutting the presumption with clear and convincing evidence. *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (quoting *Hughes v. Dretke*, 412 F.3d 582, 589 (5th Cir. 2005)). This deference extends not only to express findings of fact, but to the implicit findings of the state court. *Id*. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98. "[Section] 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Id*. at 100.

## IV.   DISCUSSION

### A.   *Rhines* Stay

Petitioner has recognized that many of his claims are unexhausted but insists he is entitled to stay and abeyance under *Rhines v. Weber*. (D.E. 25, Page 1). In support of his request for a *Rhines* stay, Petitioner states he is intending to seek the assistance of a variety of pro bono services in order to file another state writ of habeas corpus. (D.E. 25, Page 1).

The Supreme Court imposed a requirement of total exhaustion by holding federal district courts could not adjudicate petitions for habeas corpus containing both exhausted and unexhausted claims (mixed petitions). *See Rose v. Lundy*, 455 U.S. 509 (1982). The Supreme Court directed federal courts to dismiss mixed petitions without prejudice and

allow petitioners to return to state court to present their unexhausted claims in the first instance. *Id*. at 522. When the AEDPA was enacted it preserved *Lundy's* total exhaustion requirement but it imposed a one year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The statute of limitations is tolled during the pendency of a properly filed application for state post-conviction relief, *id*. § 2244(d)(2), but filing a federal petition for habeas corpus does not toll the statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

As a result, the Supreme Court has held a stay and abeyance may be available to a petitioner who has filed a federal habeas corpus petition containing unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269 (2005). Such a stay and abeyance should only be available in limited circumstances and is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id*. at 277. Even if good cause exists, a "district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id*. If a stay and abeyance is granted, the district court "should place reasonable time limits on a petitioner's trip to state court and back."[2] *Id*. at 278 (citation omitted). If a stay and abeyance is inappropriate, "the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Id*. (citation omitted).

---

[2] The Court in *Rhines* implicitly recognized a normal time period for a stay would be 30 days. *Rhines*, 544 U.S. at 277-78.

Here, Petitioner moved for a stay and abeyance according to *Rhines* on May 9, 2016. (D.E. 2). On June 7, 2016, the undersigned granted a temporary stay for the purposes of exhausting Petitioner's claims in a state habeas action. (D.E. 12). The undersigned ordered that service would not be ordered on Respondent until after July 7, 2016 in order to allow Petitioner the opportunity to exhaust his claims. (D.E. 12). According to the Texas Court of Criminal Appeals database, Petitioner has not filed any new appeals or petitions at the state court level since April 21, 2016.[3] Petitioner was granted an extra 30 days by the original order to stay and has not utilized this time to make any progress towards exhausting his claims. Further, Petitioner has not shown good cause for his failure to exhaust, that his claims are potentially meritorious, or that he has not engaged in intentionally dilatory litigation tactics. *See Williams v. Thaler*, 602 F.3d 291, 309 (5th Cir. 2010). Further, the undersigned has previously found Petitioner has provided no valid reason for his delay in filing his state habeas petitions. (D.E. 16, Page 4).[4] Petitioner has not indicated which claims in his petition he seeks to exhaust.

Additionally, Petitioner sent a letter (D.E. 26) to the Court alleging he did not receive the order denying his *Rhines* stay; however, the docket entry he cites is actually an order denying his motion to file a successive petition. (D.E. 16). Regardless of Petitioner's knowledge of the order he claims not to have received, Petitioner had notice of the 30 day stay granted to him. (D.E. 12 and D.E. 15, Page 1). Petitioner was granted a 30 day stay during which he failed to file any subsequent state actions in an attempt to

---

[3] *See* http://www.search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c
[4] *See* D.E. 13, Page 3 (letter dated May 12, 2016) and D.E. 15, Page 2 (letter dated June 8, 2016).

exhaust his claims. Petitioner's alleged lack of knowledge of the order contained in docket entry 16 does not affect the undersigned's recommendation as it relates to Petitioner's request for a stay. While Petitioner alleged in his motion to file a successive petition that he was attempting to secure legal services to assist in filing his third state writ of habeas corpus, there is no evidence, almost five months after this motion was filed that he has done so, nor has he attempted in any way to exhaust his claims. Therefore, the undersigned recommends that no further stay be granted to Petitioner.

### B.    Exhaustion

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. §2254(b). To do so, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995); *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). In Texas, all claims must be presented, either in a PDR or a state application for writ of habeas corpus, to the Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

The Fifth Circuit has explained that "the state court system must have been presented with the same facts and legal theory upon which the petitioner bases his current assertions." *Ruiz v. Quarterman*, 460 F.3d 638, 643 (5th Cir. 2006) (citing *Picard v. Connor*, 404 U.S. 270, 275-77 (1971)). A federal habeas corpus petitioner also fails to exhaust his state remedies when he relies on a different legal theory than presented in state court, or when he makes the same legal claim in federal court but supports the claim

with factual allegations that he did not present to the state courts. *Dispensa v. Lynaugh*, 847 F.2d 211, 217-18 (5th Cir. 1988); *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983). However, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. 2254(b)(2). Because this authority is discretionary, a federal court may still defer to the state courts where state consideration of an unexhausted claim would be appropriate.

The Supreme Court provides that the failure to exhaust state remedies is excused pursuant to 28 U.S.C. 2254(b)(1)(B) "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam) (citation omitted). However, even if the Petitioner has failed to exhaust all of his claims, courts "should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Rhines*, 544 U.S. at 278.

The rules for federal habeas courts reviewing the constitutionality of state convictions are designed to "ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism." *Martinez v. Ryan*, 132 S.Ct. 1309, 1316 (2012). The adequate and independent state ground doctrine provides state courts with the first opportunity to address violations of a prisoner's federal rights. *Walker v. Martin*, 562 U.S. 307, 315-16 (2011). Under this doctrine, federal habeas relief will be unavailable when "(1) a state

court has declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement, and (2) the state judgment rests on independent and adequate state procedural grounds." *Id*. at 316 (citation omitted). "To qualify as an adequate procedural ground, a state rule must be firmly established and regularly followed." *Id*. (quoting *Beard v. Kindler*, 558 U.S. 53, 54 (2009)) (internal quotation marks omitted).

The same principle has been described by the Supreme Court as the doctrine of procedural default. Under this doctrine, a federal court "will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule." *Martinez*, 132 S.Ct. at 1316 (citations omitted). "A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed." *Id*. (citing *Walker*, 562 U.S. at 316; *Kindler*, 558 U.S. at 60). The Supreme Court has stated that "a discretionary state procedural rule can serve as an adequate ground to bar federal habeas review." *Kindler*, 558 U.S. at 54. "Such a rule can be firmly established and regularly followed "even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." *Id*.

Where a state prisoner has defaulted on his federal claims in state court pursuant to a state procedural rule, federal habeas review of the claims is barred unless the prisoner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a

fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "Cause for a procedural default exists where 'something external to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his efforts to comply with the State's procedural rule.'" *Maples v. Thomas*, 132 S.Ct. 912, 922 (2012) (alteration in original) (quoting *Coleman*, 501 U.S. at 753-54). Negligence by a prisoner's post-conviction attorney does not qualify as cause. *Id*. The Supreme Court has found cause to exist where a prisoner was abandoned by his counsel without notice resulting in the prisoner missing a filing deadline. *Id*. at 927.

In the present case, Petitioner filed two state habeas actions and both were dismissed as noncompliant pursuant to Texas Rule of Appellate Procedure 73.1.[5] (D.E. 23-12 and D.E. 23-16). Under Rule 73.2, "[t]he Court of Criminal Appeals may dismiss an application that does not comply" with the rules laid out in Rule 73. Tex. R. App. P. 73.2. The Court of Criminal Appeals does not state which part of Rule 73.1 the applications were not compliant with. (D.E. 23-12 and D.E. 23-16). However, the Court of Criminal Appeals dismissed both applications for violating a state procedural rule which was adopted by the Court of Criminal Appeals in 2000 and has been effective since 2001. The rule was amended by the Court of Criminal Appeals in December of 2013 and the amended rule has been in effect since January 1, 2014.

A rule of procedure adopted by the Court of Criminal Appeals, which has been in place since 2001, qualifies as firmly established and regularly followed. While the

---

[5] Texas Rule of Appellate Procedure 73.1 lays out the requirements for applications submitted to the Court of Criminal Appeals including use of prescribed form, content, and length requirements. *See* Tex. R. App. P. 73.1.

language in Rule 73.2 is permissive and allows the Court of Criminal Appeals discretion when deciding whether or not to dismiss the application, the Supreme Court has stated a discretionary state procedural rule is adequate to bar federal habeas review. *See Kindler*, 558 U.S. at 54. The Supreme Court has held other procedural rules such as timeliness rules qualified as firmly established and regularly followed. *See Martin*, 562 U.S. at 318; *Maples*, 132 S.Ct. at 922 (Supreme Court assumed rule requiring notice of appeal be filed within 42 days was an independent and adequate state procedural ground). Further, the Supreme Court has held a California procedural bar established by the California Supreme Court[6] was firmly established and regularly followed. *See Johnson v. Lee*, 136 S.Ct. 1802, 1805 (2016) (per curiam). If a non-codified procedural bar can qualify as firmly established and regularly followed, the Texas Rules of Appellate Procedure, which have been codified and adopted, are firmly established and regularly followed.

Accordingly, Petitioner must demonstrate cause for his default or that failure to consider his claims constitutes a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750. In his application, Petitioner does not present any cause or reason for why his applications for a state writ of habeas corpus did not conform to the applicable rules. The only mention he makes of the nonconforming applications are instances where he addresses the exhaustion of his claims such as "[t]he court won't accept by pro se habeas corpus" or "[r]aised in both state habeas petitions that were dismissed as non-compliant." (D.E. 1, Pages 5 and 7).

---

[6] *See Ex parte Dixon*, 41 Cal.2d 756 (Cal. 1953) (a defendant procedurally defaults a claim raised for the first time on state collateral review if he could have raised it earlier on direct appeal).

Further, Petitioner does not allege that failure to consider his claims would constitute a fundamental miscarriage of justice. The claims Petitioner raises include sufficiency of the evidence arguments regarding the testimony and lack of physically recovering a knife; ineffective assistance of counsel for failing to call witnesses, expert witnesses, failing to investigate, failures in the voir dire process, etc.; denial of compulsory process; denial of an impartial jury; and trial court error in failing to include a lesser-included offense instruction. (D.E. 1). Without reaching the merits of Petitioner's claim, the undersigned finds Petitioner has not shown that failure to consider any of the claims pleaded constitutes a fundamental miscarriage of justice. Therefore, while Petitioner did, in his PDR, raise three of the over thirty grounds raised in this action, the claims raised by Petitioner which were only raised in either one of Petitioner's state applications for habeas corpus are not exhausted.

The failure to exhaust the claims raised only in Petitioner's state writs of habeas corpus makes Petitioner's federal petition a mixed petition which is subject to dismissal under *Rose v. Lundy*. *See Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) ("A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims."); *Ervin v. Stephens*, 2013 WL 6146058 (S.D.T.X. 2013) (Granted summary judgment where Petitioner failed to exhaust his claims and failed to show that failure should be excused); *Jackson v. Stephens*, 2014 WL 4988198 (S.D.T.X. 2014) (Petition dismissed without prejudice for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction); *Richard v. Vannoy*, 2016 WL 3950762 (E.D. La. 2016) (The petition is

dismissed without prejudice unless petitioner amends his federal application to omit any and all unexhausted claims, the petition); *Richard v. Cain*, 2016 WL 1445181 (E.D. La. 2016) (Federal application for habeas corpus relief is dismissed without prejudice for failure to exhaust his remedies in state court). Petitioner has not fairly presented all of his claims to the Court of Criminal Appeals. His applications for state writ of habeas corpus were dismissed as non-conforming to procedural rules. Accordingly, the Court of Criminal Appeals has not had an opportunity to review the majority of claims raised in his federal petition. It does not appear that Petitioner's claims at the state level would be procedurally barred because the Court of Criminal Appeals did not actually rule on the merits of either of Petitioner's state applications.

The Court has discretion to dismiss the entire petition or to dismiss the unexhausted claims and keep the exhausted claims. In the present petition, it appears only 3 of Petitioner's approximately 30 claims are exhausted. As addressed in section A above, Petitioner was previously granted a 30 day stay to pursue exhausting his claims at the state level and did not make any effort to do so. Now, almost five months after the temporary stay expired, Petitioner still has made no attempt to exhaust his claims. Taking all of the circumstances into consideration, the undersigned finds keeping any part of the present petition at this time is not appropriate. Accordingly, the undersigned recommends Petitioner's petition for a writ of habeas corpus be **DISMISSED without prejudice** as a mixed petition.

## V.    CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas

corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA"). A district court ruling on a petitioner's relief may sua sponte rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just rule on would be repetitious." *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. (emphasis added).

In the present case, the undersigned has recommended the petition be dismissed as a mixed petition. Reasonable jurists could not debate the dismissal or denial of the

Petitioner's §2254 petition on substantive or procedural grounds, nor find the issues are adequate to deserve encouragement to proceed. *Miller-El*, 537 U.S. at 327. Petitioner would not be able to make the required showing in order to have a COA issued. The state habeas court dismissed both Petitioner's state habeas corpus applications for failing to comply with a state procedural rule which makes the claims raised for the first time in those applications unexhausted. Accordingly, the undersigned respectfully recommends the Court not issue a certificate of appealability.

## VI.   RECOMMENDATION

For the reasons stated above, it is respectfully recommended Respondent's Motion for Summary Judgment (D.E. 24) be **GRANTED**, Petitioner's request for a stay be **DENIED**, and Petitioner's application for habeas corpus relief be **DISMISSED without prejudice**. It is further recommended a Certificate of Appealability be **DENIED**.

Respectfully submitted this 30th day of November, 2016.

Jason B. Libby
United States Magistrate Judge

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).